[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14870
Non-Argument Calendar

_____

BIA Nos. A95-263-069 & A95-263-070

FRANCISCO JAVIER GONZALES CASTRO,
LUZ DARY ESCOBAR RESTREPO,

                                                     Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                     Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 9, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Francisco Javier Gonzales Castro and Luz Dary Escobar Restrepo (collectively, "the petitioners"),[1] through counsel, petition for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") removal order and denying their claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[2]

The petitioners argue that the BIA erred in (1) denying their asylum application because they failed to demonstrate extraordinary circumstances excusing the untimely filing of their asylum application, and (2) denying their application for withholding of removal under the INA.[3] The petitioners contend that they presented substantial evidence of past persecution and a well-founded fear of future persecution from the Revolutionary Armed Forces of Colombia ("FARC") based on an imputed political opinion.

## I. Asylum Application

---

[1] Castro is the primary petitioner. Restrepo, Castro's wife, is a derivative applicant and therefore relies on Castro's application and testimony.

[2] Because the petitioners' removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), this case is governed by the permanent provisions of the Immigration and Nationality Act ("INA"), as amended by IIRIRA. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

[3] The petitioners abandoned their claim for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), by failing to raise any argument on this claim in their petition for review. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates . . . extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). However, we lack jurisdiction to review the BIA's determination of whether extraordinary circumstances excuse an untimely application. *Id.* ; *see also Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (noting that 8 U.S.C. § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing").

Because we lack jurisdiction, the petition for review is dismissed to the extent that it seeks review of the denial of the petitioners' asylum application or the determination that their application was time-barred.

## II. Withholding of Removal

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning,

3

[this Court] review[s] the IJ's decision as well." *Id.*

We review the legal determinations of the BIA *de novo* . *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1283–84 (quotation omitted). "[W]e cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously considered below." *Id.* at 1278. Therefore, we will reverse a finding of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), *petition for cert. filed*, (U.S. Oct. 28, 2004) (No. 04-7944); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."). We also review credibility determinations under the substantial evidence test, and we "may not substitute [our] judgment for that of the BIA with respect to credibility findings." *D-Muhumed*, 388 F.3d at 818.

An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of his race, religion,

nationality, membership in a particular social group, or political opinion. *Mendoza*, 327 F.3d at 1287; *see also* 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287; *see also* 8 C.F.R. § 208.16(b). An alien can meet his burden by showing either (1) "past persecution in his country based on a protected ground," in which case a rebuttable presumption is created that his life or freedom would be threatened if he was returned to his country; or (2) "a future threat to his life or freedom on a protected ground in his country." *Mendoza*, 327 F.3d at 1287. In discussing alleged persecution from the FARC, we have stated:

> To qualify for withholding of removal based on persecution by a guerilla group on account of a political opinion, [a petitioner] must establish that the guerillas persecuted [him] or will seek to persecute [him] in the future *because of* [his] actual or imputed political opinion. It is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas.

*Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (internal citations omitted).

Although the INA does not expressly define "persecution," we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1331 (quotations omitted).

5

In this case, the petitioners set forth the following grounds to establish future persecution: he claims that he held an anti-FARC political opinion, that the guerilla groups is aware of that opinion, that his brothers were killed because they held the same political opinion, and that he will likely be persecuted if he returns to his country.

The BIA agreed with the IJ in concluding that the petitioners did not meet their evidentiary burden in proving a threat of future persecution. First, the IJ noted that Castro's testimony showed that the FARC made demands on him not because of his political opinion, but rather for financial support. In addition, the IJ did not find Castro's testimony about his reasons for returning to Colombia to be credible. Because Castro provided different reasons for his return at different times, the IJ concluded that the internal inconsistency undermined Castro's argument that he faced a threat of persecution.

However, substantial evidence supports the BIA's conclusion that petitioners did not meet their burden of proof. For that reason, we reject the petition for withholding of removal. Other than Castro's uncorroborated testimony, there is no evidence in the record showing that Castro suffered past persecution, or that it is more likely than not that he will face a future threat of persecution, because of his political opinion. Instead, the evidence demonstrates that Castro's only contact with the FARC was not on account of his political opinion, but rather was based on

6

the FARC's attempts at obtaining support and financing from Castro. As we have stated, "[i]t is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." *Sanchez*, 392 F.3d at 438.

Neither does the evidence in the record compel the conclusion that Castro is more likely than not to be persecuted if he returned to Colombia. In fact, the last alleged contact with the FARC occurred in October 1999 when Castro's nephew received a telephone call at Castro's business. After this alleged persecution, Castro did not leave Colombia until March 2000, about two months after he had obtained a visa. In addition, Castro then returned to Colombia for eight months in 2000, apparently with no trouble. Accordingly, the BIA's determination that the petitioners did not establish a clear probability that they would be persecuted if returned to Colombia is supported by substantial evidence.

### III. Conclusion

For the reasons stated above, the petition for review is dismissed in part and denied in part.

**PETITION DISMISSED in part, and DENIED in part.**